UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REGINALD HOLLAND-HOUSTON,

Plaintiff,

v.

JOB, et al.,

Defendants.

Case No. 3:23-cv-00625-ART-CSD

ORDER

*Pro se* Plaintiff ReGinald Holland-Houston brought this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 1-1.) This case has been closed since December 2024 due to Holland-Houston's failure to update his address with the Court.

In October 2024, the Court issued an order noting that mail sent to Holland-Houston had been repeatedly returned as undeliverable. (ECF No. 29.) The returned mail had been sent to Holland-Houston at two prisons: Ely State Prison ("ESP"), where he was located when he filed this case; and High Desert State Prison ("HDSP"), where the Court sent copies of filings due to a change of custody levels at HDSP and ESP around that time. (*See id.*) The Court explained that Holland-Houston's failure to update his address violated this Court's local rules, and it directed him to update his address within 30 days. (*See id.*) That October 2024 order, too, was returned as undeliverable, and in December 2024, the Court dismissed this case without prejudice based on Holland-Houston's failure to file an updated address. (ECF No. 34.)

1

## I.     DISCUSSION

On November 20, 2025, Holland-Houston filed a "Motion to Reopen" (ECF No. 50), which the Court construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Rule 60(b) entitles the moving party to relief from judgment on several grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citation omitted). A motion made under Rule 60(b) must be made within a reasonable time, and, if based on one of the first three reasons, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citation omitted).

In his motion, Holland-Houston claims that he asked the law librarian at ESP to update his address to Southern Desert Correctional Center ("SDCC") when he learned he was being transferred. (ECF No. 50 at 2.) A couple of months later, in July 2024, he claims that he wrote to prison officials to inquire about his address update and never received a response. (*Id.*) He then waited until October 28, 2025, to go to the law library and file a motion for a status check in this case, after which he was informed that his case had been dismissed without prejudice. (*Id.*) These facts do not warrant relief from the judgment under Rule

60(b), especially given that Holland-Houston waited almost a year after this case was dismissed to file this motion to reopen, and he states no compelling reason for failing to litigate his case for over a year.

The dismissal of this action was without prejudice; this means that Holland-Houston may initiate a new action. As the Court stated in the dismissal order, if Holland-Houston wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address. (*See* ECF No. 34.)

## II.   CONCLUSION

It is therefore ordered that Holland-Houston's Motion to Reopen (ECF No. 50) is denied.

It is further ordered that no other documents may be filed in this now closed case. If Holland-Houston wishes to pursue his claims, he must file a new complaint in a new case.

DATED THIS 10th day of June 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3